IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DENORA DIEHL, ROBERT COOK, JENNIFER QUEEN, and LORELEI GORDON, *on behalf of themselves and all others similarly situated,* | ) ) ) ) ) | Case No. 3:18-cv-122 |
| Plaintiffs, | ) ) | JUDGE KIM R. GIBSON |
| v. | ) ) ) | |
| CSX TRANSPORTATION, INC., | ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

### I. Introduction

This case arises out of a train derailment that occurred near Hyndman, Pennsylvania in August of 2017. Plaintiffs filed a Class Action Complaint alleging that Defendant CSX Transportation, Inc. negligently operated a train, causing it to derail. Plaintiffs aver that they and other proposed class members were subsequently forced to evacuate their homes and subjected to inconvenience as Defendant repaired the derailment site.

Pending before the Court are Defendant's Motion for Summary Judgment (ECF No. 56) and Plaintiffs' Motion for Class Certification (ECF No. 64). The Motions are fully briefed (ECF Nos. 58, 60, 63, 65, 67, 69) and ripe for disposition. For the reasons that follow, the Court **GRANTS** Defendant's Motion and **DENIES** Plaintiffs' Motion as moot.

### II. Jurisdiction and Venue

This Court has subject-matter jurisdiction because at least one plaintiff is diverse from at least one defendant and the amount in controversy exceeds $5,000,000. 28 U.S.C. § 1332(d)(2).

Venue is proper in the Western District of Pennsylvania because Defendant removed this action from Bedford County, which is embraced by this district. 28 U.S.C. § 1441(a).

### III. Factual Background

The following facts are undisputed unless otherwise noted.[1]

#### A. The Derailment and Evacuation

On the morning of August 2, 2017, a freight train operated by Defendant derailed in Hyndman, Pennsylvania. (ECF No. 65 at 2.) This train was carrying mixed freight, including propane, molten sulfur, asphalt, and phosphoric acid residue. (*Id.*) The derailment resulted in a fire that burned for two days and led to a mandatory evacuation of approximately 1,000 people from nearby homes for varying lengths of time. (*Id.*) Emergency management officials set up a mandatory evacuation zone within a one-mile radius of the derailment and emergency responders went door to door to ensure the evacuation of all residents. (*Id.* at 4.)

Plaintiff Jennifer Queen evacuated her home with only her cell phone. (*Id.*) Her fiancé, Plaintiff Robert Cook, was working at a local hospital at the time of the derailment. (*Id.*) Mr. Cook and Ms. Queen evacuated their house from August 2 to 5, 2017. (*Id.* at 5.) They had two dogs and a cat that were left crated during the evacuation and Mr. Cook and Ms. Queen had to clean and sanitize the crates upon returning home. (*Id.*) Mr. Cook and Ms. Queen additionally had food items that expired and had to be thrown away and left clothes in the washer from before the evacuation that developed mold and a foul odor. (*Id.*) Mr. Cook and Ms. Queen were not

---

[1] The Court derives these facts from a combination of Defendant's Concise Statement of Undisputed Facts in Support of Defendant's Motion for Summary Judgment (ECF No. 57), Plaintiffs' Response to Defendant's Concise Statement of Undisputed (ECF No. 60-1), Memorandum in Support of Plaintiffs' Motion for Class Certification (ECF No. 65), and Defendant's Memorandum in Opposition to Plaintiffs' Motion for Class Certification (ECF No. 67).

physically injured by the derailment but allegedly suffer from anxiety as a result. (ECF No. 57 ¶ 6; ECF No. 60-1 ¶ 5.)

Plaintiff Lorelei Gordon and members of her household evacuated their home without time to pack anything. (ECF No. 65 at 5–6.) They evacuated their house from August 2 to 5, 2017. (*Id.* at 6.) Ms. Gordon kept rabbits outside her house and three of them had died by the time she returned home. (*Id.*) She also had a dog that was left in her house unattended and she had to clean and sanitize her house upon her return. (*Id.*) Ms. Gordon additionally had food items that expired and had to be thrown away and left clothes in the washer from before the evacuation that developed mold. (*Id.*) Ms. Gordon was not physically injured by the derailment but allegedly suffers from anxiety as a result. (ECF No. 57 ¶ 6; ECF No. 60-1 ¶ 5.)

Plaintiff Denora Diehl and three other people living in her house evacuated her home shortly after the derailment without belongings. (ECF No. 65 at 7.) They evacuated the house from August 2 to 20, 2017. (*Id.*) Ms. Diehl left two dogs in her house unattended for approximately 48 hours and then had to board one of them for approximately two weeks. (*Id.*) When Ms. Diehl returned home, the food in her refrigerator had expired and had to be thrown away. (*Id.*) Ms. Diehl was not physically injured by the derailment but allegedly suffers from anxiety as a result. (ECF No. 57 ¶ 6; ECF No. 60-1 ¶ 5.)

### B. Defendant's Response to the Derailment

Following the derailment, Defendant set up community outreach centers to assist and compensate individuals who were inconvenienced, required medical treatment, or suffered financial setbacks as a result of the derailment. (ECF No. 67 at 3.) Each household within the evacuation zone was entitled to submit a claim to receive an inconvenience payment. (*Id.*)

Defendant has reimbursed individuals for expenses such as costs of food, incidentals, hotel accommodations, lost wages, and medical expenses. (*Id.*) Defendant additionally provided food, bottled water, transportation, and cleaning services to those affected by the derailment and Defendant's outreach program is still open to the Hyndman community for reimbursement. (*Id.* at 3–4.)

## IV. Procedural Background

On May 22, 2018, Ms. Diehl filed a Class Action Complaint in the Court of Common Pleas of Bedford County, Pennsylvania, which Defendant removed to this Court on June 8, 2018. (ECF No. 1.) Plaintiffs filed an Amended Class Action Complaint on November 28, 2018, which added three additional class representatives. (ECF No. 46.) Plaintiffs allege the following as injuries: unattended pets; expired food; moldy laundry; missed work; fumes, smoke, bright lights, and odor; property damages; out-of-pocket expenses; aggravation, inconvenience, fear, anxiety, and anguish; and loss of use and enjoyment of property. (ECF No 57 ¶ 3.)

Defendant moved for summary judgment on April 3, 2019. (ECF No. 56.) Plaintiffs responded in opposition to the Motion for Summary Judgment on May 2, 2019, (ECF No. 60) to which Defendant replied on May 16, 2019. (ECF No. 63.) On May 22, 2019, Plaintiffs moved for class certification. (ECF No. 64.) Defendant responded in opposition to the Motion for Class Certification on June 24, 2019, (ECF No. 67) to which Plaintiffs replied on July 8, 2019. (ECF No. 69.) The Court heard argument on the Motions on August 28, 2019. (ECF No. 74.)

## V. Legal Standards

### A. Summary Judgment

This Court will grant summary judgment "if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Melrose, Inc. v. Pittsburgh*, 613 F.3d 380, 387 (3d Cir. 2010) (quoting *Ruehl v. Viacom, Inc.*, 500 F.3d 375, 380 n.6 (3d Cir. 2007)); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). There is a genuine issue of fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also McGreevy v. Stroup*, 413 F.3d 359, 363 (3d Cir. 2005). Material facts are those that affect the outcome of the trial under governing law. *Anderson*, 477 U.S. at 248. The Court's role is "not to weigh the evidence or to determine the truth of the matter, but only to determine if the evidence of record is such that a reasonable jury could return a verdict for the nonmoving party." *Am. Eagle Outfitters v. Lyle & Scott Ltd.*, 584 F.3d 575, 581 (3d Cir. 2009). In deciding a summary judgment motion, this Court "'must view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor.'" *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 278 (3d Cir. 2000) (quoting *Armbruster v. Unisys Corp.*, 32 F.3d 768, 777 (3d Cir. 1994)).

The moving party bears the initial responsibility of stating the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If the moving party meets this burden, the party opposing summary judgment "may not rest upon the mere allegations or denials" of the pleading, but "must set forth specific facts showing that there is a genuine issue for trial." *Saldana v. Kmart Corp.*, 260 F.3d 228, 232 (3d Cir. 2001) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475

U.S. 574, 587 n.11 (1986)). "For an issue to be genuine, the nonmovant needs to supply more than a scintilla of evidence in support of its position—there must be sufficient evidence (not mere allegations) for a reasonable jury to find for the nonmovant." *Coolspring Stone Supply v. Am. States Life Ins. Co.*, 10 F.3d 144, 148 (3d Cir. 1993); *see also Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) (noting that a party opposing summary judgment "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue").

### B. Class Certification

A class action is an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only. *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 309 n.6 (3d Cir. 2008). Accordingly, a plaintiff seeking class certification bears the burden of demonstrating, by a preponderance of the evidence, that class certification is appropriate. *Id.* at 307. To make such a showing, the party seeking certification must first show that: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims of the class representatives are typical of the class; and (4) the class representatives will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). For a damages class action, the party seeking certification must also show that: (1) questions of law or fact common to the class predominate over any questions affecting only individual members; and (2) a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Fed. R. Civ. P. 23(b)(3).

Before a district court certifies a class, it must conduct a rigorous analysis of the evidence and arguments, which requires a thorough examination of the factual and legal allegations and may include a preliminary inquiry into the merits of the claims. *Behrend v. Comcast Corp.*, 655 F.3d

182, 190 (3d Cir. 2011). This merits inquiry is limited to determining whether the party seeking certification has met the requirements of Rule 23; it is not to determine whether the individual elements of each claim are satisfied. *Sullivan v. DB Invs., Inc.*, 667 F.3d 273, 305 (3d Cir. 2011).

## VI. Discussion

### A. The Court Grants Defendant's Motion for Summary Judgment

#### 1. The Parties' Arguments

Defendant asserts that Pennsylvania's economic loss doctrine bars Plaintiffs' claims because Plaintiffs neither have nor do they seek any damages for personal injury, property damage, loss of property value, or actionable emotional harm. (ECF No. 58 at 5–6.) Defendant contends that damages for transitory fear and anxiety and loss of use and enjoyment of property during the evacuation period are not recoverable under Pennsylvania law without personal injury or physical property damage, which Plaintiffs do not allege. (*Id.* at 7.) The mere loss of use of one's property as a result of an evacuation is not physical property damage. (*Id.* at 8.) Plaintiffs do not assert claims of property damage and the Court should not consider such claims as a damage theory to prop up Plaintiffs' claims of economic loss. (ECF No. 63 at 2.) Defendant argues that Plaintiffs' claims of fear or anxiety require physical manifestation of the alleged injury to be actionable. (ECF No. 58 at 9.) Defendant asserts that Plaintiffs do not claim to have experienced physical manifestations of their emotional states and exhibit no physical symptoms and therefore do not have recoverable claims. (*Id.* at 10.)

Plaintiffs respond that the damages they allege are not the kind of damages the economic loss doctrine bars. (ECF No. 60 at 1.) The fact that Plaintiffs had to evacuate their residences and suffered from fear and anxiety distinguishes Plaintiffs' claims from those barred by the economic

loss doctrine because they experienced the required physical contact. (*Id.* at 3, 6.) Plaintiffs assert that Defendant's "poison gas" invaded their property and they inhaled some of it and this invasion caused them to evacuate their homes. (*Id.* at 6.) Plaintiffs allege that Defendant's invasion of their property by "poison gas" immediately after the accident and by glowing lights and loud noises during the cleanup phase constituted the required physical contact. (*Id.*) Plaintiffs assert that they suffered psychiatric stress as a result of the derailment. (*Id.* at 8.)

## 2. The Economic Loss Doctrine Bars Plaintiffs' Claims

Under Pennsylvania law, economic losses may not be recovered in tort absent any physical injury or property damage. *Gen. Pub. Utils. v. Glass Kitchens of Lancaster, Inc.*, 542 A.2d 567, 570 (Pa. Super. Ct. 1988). Economic losses include, for example, allegations of individual and familial suffering, loss of wages, operating losses, and replacement or bottled water caused by tortious conduct. *See Moore v. Pavex, Inc.*, 514 A.2d 137, 139 (Pa. Super. Ct. 1986). The economic loss doctrine applies to both suits in negligence and private nuisance. *See id.; Aikens v. Balt. & Ohio R.R.*, 501 A.2d 277, 279 (Pa. Super. Ct. 1985).

A defendant must cause "actual physical harm" to a plaintiff's property for the plaintiff to recover economic losses as a result of the conduct. *Ellenbogen v. PNC Bank, N.A.*, 731 A.2d 175, 188 n.26 (Pa. Super. Ct. 1999). Mere denial of access to property is an economic loss that does not by itself satisfy the physical harm requirement. *Getty Refining & Marketing Co. v. MT Fadi B*, 766 F.2d 829, 834 (3d Cir. 1985); *In re One Meridian Plaza Fire Litig.*, 820 F. Supp. 1460, 1487 (E.D. Pa.), *rev'd sub nom. on other grounds, Fed. Ins. Co. v. Richard I. Rubin & Co.*, 12 F.3d 1270 (3d Cir. 1993).

A plaintiff can recover for mental suffering only if a physical injury accompanies it. *Corcoran v. McNeal*, 161 A.2d 367, 373 (Pa. 1960). To satisfy the physical injury requirement of the economic loss doctrine, a plaintiff must demonstrate she is suffering from ongoing or permanent physical manifestations of the alleged emotional distress. *Mellott v. Slezak*, 25 Pa. D. & C.4th 18, 30 (Com. Pl. 1995).

Here, the Court holds that Plaintiffs have failed to show physical harm to either their persons or their property and accordingly the economic loss doctrine applies. Although Plaintiffs assert they suffer from fear and anxiety as a result of the derailment, those symptoms have not physically manifested. There has been no allegation, nor support in the record, that the fumes from the derailment were toxic or that they caused any injuries to Plaintiffs or anyone else. The Court previously declined to hold that the economic loss doctrine barred Plaintiffs' alleged emotional injuries to allow Plaintiffs to develop the record with medical evidence. (ECF No. 42 at 26.) With the record now closed, Plaintiffs have not met their burden. Fear and anxiety without physical manifestation are economic losses that are not recoverable under Pennsylvania law.

Plaintiffs have not alleged physical property damage in their lawsuit. Plaintiffs allege that their property was damaged through the loss of enjoyment of their properties due to the evacuation and Defendant's noise, lights, and fumes during the cleanup. The Court has already held that Plaintiffs' negligence and nuisance claims are preempted by the Interstate Commerce Commission Termination Act of 1995 (the "ICCTA") to the extent that they are based on allegations regarding the noise, lights, and fumes created by Defendant's cleanup of the derailment site. (ECF No. 42 at 13.) Therefore, Plaintiffs cannot rely on these allegations to find an invasion of Plaintiffs' private right of use and enjoyment of their land. (*Id.* at 27 n.12.) All that

remains of their allegations is that the evacuation deprived them of access and use of their properties. However, denial of access to property without accompanying physical harm to the property is not enough to make out a claim for damages. Plaintiffs do not allege that the train derailment directly damaged any of their properties or that there was any physical damage to any of their properties at all. The denial of access to property without physical harm is an economic loss that is not recoverable under Pennsylvania law.

Accordingly, Plaintiffs' claims of negligence and private nuisance allege only economic losses which Pennsylvania's economic loss doctrine bars and the Court therefore grants Defendant's Motion for Summary Judgment.

### B. The Court Denies Plaintiff's Motion for Class Certification as Moot

A prerequisite to class certification is that the proposed class representatives have Article III standing to represent the class. *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974); *Haas v. Pittsburgh Nat. Bank*, 526 F.2d 1083, 1095 (3d Cir. 1975). Because the Court grants summary judgment in favor of Defendant, no case or controversy exists between Plaintiffs and Defendant, and the Court must deny Plaintiffs' Motion for Class Certification as moot.

### VII. Conclusion

For the forgoing reasons, the Court grants Defendant's Motion for Summary Judgment and denies as moot Plaintiffs' Motion for Class Certification.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DENORA DIEHL, ROBERT COOK, JENNIFER QUEEN, and LORELEI GORDON, *on behalf of themselves and all others similarly situated,* | ) ) ) ) ) ) | Case No. 3:18-cv-122 |
| Plaintiffs, | ) ) | JUDGE KIM R. GIBSON |
| v. | ) ) | |
| CSX TRANSPORTATION, INC., | ) ) | |
| Defendant. | ) | |

## ORDER

AND NOW, this 9th day of December, 2019, upon consideration of Defendant's Motion for Summary Judgment (ECF No. 56) and Plaintiffs' Motion for Class Certification (ECF No. 64), and for the reasons set forth in the accompanying Memorandum Opinion, it is **HEREBY ORDERED** that Defendant's Motion for Summary Judgment is **GRANTED** and Plaintiffs' Motion for Class Certification is **DENIED AS MOOT**.

BY THE COURT:

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE